871 F.2d 1096
 36 Cont.Cas.Fed. (CCH) 76,015
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TRIAX COMPANY, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1440.
 United States Court of Appeals, Federal Circuit.
 March 6, 1989.
 
 Before FRIEDMAN, EDWARD S. SMITH and MICHEL, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Armed Services Board of Contract Appeals (board), ASBCA No. 31102, 88-2 B.C.A. (CCH) p 20,612, denied Triax Company's (Triax) appeal from the contracting officer's decision denying Triax's claim against the United States (Government) for an equitable adjustment in the amount of $132,229.40, arising pursuant to contract No. DACA09-83-C-0143. We affirm.
 
 OPINION
 
 2
 In denying Triax's appeal, the board held that the contract is unambiguous. The board concluded that the invitation for bids as amended required "new plumbing fixtures at certain types of housing units covered by the contract, and [that] new water closets and bathtubs for those baths within the alternatives were not to be part of the bid." (Emphasis in original.) We disagree with the board's holding that the contract is unambiguous; however, for the reasons set forth below, we affirm the board's decision.
 
 
 3
 It is well established that the interpretation of a contract is a question of law to be decided by the court. Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985). Thus, even though we will give careful consideration to the board's interpretation of a contract, the board's interpretation is not binding on the court. Id.
 
 
 4
 Examining the contract as a whole, we hold that, as a matter of law, the contract is patently ambiguous. A careful reading of certain provisions of the contract, namely section 1B of specification section 15F, the plumbing fixture schedule, the general notes to plan sheet A6, and the amendments, underscores the patent and glaring incompatibility in the provisions. For example, the plumbing fixture schedule referred to the water closets and bathtubs as "[a]ll [n]ew," while plan sheet A6 stated "[r]emove and replace all water closets and [bath]tubs, except as scheduled." Under these circumstances, Triax had a duty to inquire of the contracting officer, before Triax submitted its bid, as to the true meaning of the contract with regard to whether Triax was required to install "new" bathtubs and "new" water closets. See Newsom v. United States, 676 F.2d 647, 649 (Ct.Cl.1982).
 
 
 5
 Having failed to inquire regarding this patent ambiguity, Triax is now barred from recovering on its demand. See Beacon Construction Co. v. United States, 314 F.2d 501, 504 (Ct.Cl.1963). Accordingly, the board properly denied Triax's request for an equitable adjustment to the contract for providing 151 housing units with new bathtubs and new water closets.